UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
DEC 20 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 4:17CR612 RLW/SPM |
| DONALD CRANGLE, | ) |
| | ) |
| Defendant. | ) |

**INDICTMENT**

**COUNTS 1 THROUGH 3**

(Theft of Government Funds)

The Grand Jury charges:

A.  **Introduction**

1.  The Social Security Administration administers two programs for the benefit of individuals who are disabled to the extent that they cannot work or engage in substantial gainful activities. Individuals who are disabled, and have been employed for a designated period of time, will be considered for disability payments under the agency's Disability Insurance Benefit Program, hereinafter referred to as "DIB."

2.  Under the DIB program, and upon notice to the administrative agency, a disabled individual may receive benefits while employed if the disability claimant is unable to perform what the agency terms as "Substantial Gainful Activity." Substantial Gainful Activity is employment that could generate a certain monthly income, or activity that would ordinarily generate an income. Volunteering or offering to work for less compensation in order to remain

eligible for the disability benefits are the types of activity that the Social Security Administration could consider as substantial gainful activity.

3. The United States Department of Veterans Affairs provides disability benefits for individuals who were injured while on active duty. Individual Unemployability benefits are one avenue through which veterans may receive disability compensation. Eligible veterans for the Individual Unemployability benefits, hereinafter "IU benefits," must have a service connected disability which prevents them from being able to maintain substantial gainful employment.

4. Veterans receiving IU benefits may work as long as the work is not considered substantial gainful employment. The Veterans Administration, hereinafter referred to as "the VA," defines substantial gainful employment as employment that is comparable to that of nondisabled individuals in the same community.

5. In 1985, while on active duty in the United States Army, Donald Crangle, hereinafter referred to as "Crangle," sustained a back injury during a motor vehicle accident. After his honorable discharge from the military on January 13, 1986, the VA found that the accident rendered him disabled at a rating level of 10%. On February 1, 1986, the rating resulted in a disability payment of $68.00 per month. Crangle sought, and received, from the VA an increase in his disability rating to 30% on March 9, 1990.

6. On October 12, 1999, during his employment with the St. Louis Public School System, Crangle suffered a work-place injury that necessitated surgery, and caused him to incur more than $147,000.00 in medical bills. In settling his workers' compensation claim, Crangle and the school system stipulated that the fall caused a disability rating of 44%. Nevertheless, Crangle remained employed until the school system eliminated his job in August 2003.

7. In October 2003, Crangle applied with the VA for increased compensation based on unemployability due to his service related back injury. According to Crangle, he became too disabled to work on July 8, 2003. Crangle's application for entitlement to individual unemployability was granted on November 12, 2003.

8. Effective November 2003, Crangle became eligible for disability payments from the Social Security Administration through DIB.

9. In 2009, Crangle became certified to teach Concealed Carry Weapons classes by the National Rifle Association. He began teaching the classes in St. Louis County and St. Charles County in August 2009 until he lost his certification in March 2013. Crangle's gross earnings from the classes were: $2,835 in 2009; $15,260.00 in 2010; $34,800.00 in 2011; $130,588 in 2012; and, $61,688 in 2013.

10. As a result of Crangle's entitlement to IU benefits, between 2009 and 2013, Crangle received federal government funds in excess of $277,000.00 from the VA.

11. The Social Security Administration paid Crangle more than $37,000.00 in federal government funds through the DIB Program between 2009 and 2013.

B. **Theft of Government Funds**

On or about the dates listed below, within the Eastern District of Missouri, the defendant,

**DONALD CRANGLE,**

did embezzle, steal, purloin, and knowingly convert to his use, and the use of others, money of the United States or of any department or agency thereof, or any property made or being made

under contract for the United States or any department or agency thereof, that being, Social Security disability payments in the amounts listed below:

| COUNT | DATE | AMOUNT |
|---|---|---|
| 1 | January 9, 2013 | $1,015.00 |
| 2 | February 13, 2013 | $1,015.00 |
| 3 | March 13, 2013 | $1,015.00 |

All in violation of Title 18, United States Code, Section 641.

## COUNT 4

(Making a False Statement)

The Grand Jury realleges the facts set forth in paragraphs A Count 1 and further charges:

B.  **False Statement**

On or about February 24, 2015, in the Eastern District of Missouri, the defendant,

**DONALD CRANGLE,**

in a matter within the jurisdiction of the Department of Veterans Affairs, a department of the United States, did knowingly and willfully make and cause to be made a false, fictitious, and fraudulent statement and representation as to a material fact and did make and use and cause to be made and used a false document, knowing the same to contain a materially false, fictitious and fraudulent statement, in that, on a document entitled, "Department of Veterans Affairs Employment Questionnaire," did state and represent and cause to be stated and represented that between August 3, 2009 and December 2009 that he was self-employed four hours per week and that his highest gross monthly earnings were $333.00, when in truth and in fact, as defendant

4

**DONALD CRANGLE** well knew, he taught a Concealed Carry Weapons class more than four hours a week and that his highest gross monthly earnings in 2009 were $990.00.

In violation of Title 18, United States Code, Section 1001(a).

## COUNT 5

(Making a False Statement)

The Grand Jury realleges the facts set forth in paragraphs A Count 1 and further charges:

B.   **False Statement**

On or about February 24, 2015, in the Eastern District of Missouri, the defendant,

**DONALD CRANGLE,**

in a matter within the jurisdiction of the Department of Veterans Affairs, a department of the United States, did knowingly and willfully make and cause to be made a false, fictitious, and fraudulent statement and representation as to a material fact and did make and use and cause to be made and used a false document, knowing the same to contain a materially false, fictitious and fraudulent statement, in that, on a document entitled, "Department of Veterans Affairs Employment Questionnaire," did state and represent and cause to be stated and represented that between January 2010 and December 2010 that his highest gross monthly income was $500.00, when in truth and in fact, as defendant **DONALD CRANGLE** well knew, his highest gross monthly earnings in 2010 was $4,880.00.

In violation of Title 18, United States Code, Section 1001(a).

## COUNT 6

(Making a False Statement)

The Grand Jury realleges the facts set forth in paragraphs A Count 1 and further charges:

B.  **False Statement**

On or about February 24, 2015, in the Eastern District of Missouri, the defendant,

**DONALD CRANGLE,**

in a matter within the jurisdiction of the Department of Veterans Affairs, a department of the United States, did knowingly and willfully make and cause to be made a false, fictitious, and fraudulent statement and representation as to a material fact and did make and use and cause to be made and used a false document, knowing the same to contain a materially false, fictitious and fraudulent statement, in that, on a document entitled, "Department of Veterans Affairs Employment Questionnaire," did state and represent and cause to be stated and represented that between January 2011 and December 2011 his highest gross monthly earnings were $350.00, when in truth and in fact, as defendant **DONALD CRANGLE** well knew, his highest gross monthly earnings in 2011 were $5,120.00.

In violation of Title 18, United States Code, Section 1001(a).

## COUNT 7

(Making a False Statement)

The Grand Jury realleges the facts set forth in paragraphs A Count 1 and further charges:

B.  **False Statement**

On or about February 24, 2015, in the Eastern District of Missouri, the defendant,

**DONALD CRANGLE,**

in a matter within the jurisdiction of the Department of Veterans Affairs, a department of the United States, did knowingly and willfully make and cause to be made a false, fictitious, and fraudulent statement and representation as to a material fact and did make and use and cause to be made and used a false document, knowing the same to contain a materially false, fictitious and fraudulent statement, in that, on a document entitled, "Department of Veterans Affairs Employment Questionnaire," did state and represent and cause to be stated and represented that between January 2012 and December 2012 that his highest gross monthly earnings were $1,000.00, when in truth and in fact, as defendant **DONALD CRANGLE** well knew, his highest gross monthly earnings in 2012 were $14,970.00.

In violation of Title 18, United States Code, Section 1001(a).

## COUNT 8

(Making a False Statement)

The Grand Jury realleges the facts set forth in paragraphs A Count 1 and further charges:

B.  **False Statement**

On or about February 25, 2015, in the Eastern District of Missouri, the defendant,

**DONALD CRANGLE,**

in a matter within the jurisdiction of the Department of Veterans Affairs, a department of the United States, did knowingly and willfully make and cause to be made a false, fictitious, and fraudulent statement and representation as to a material fact and did make and use and cause to be made and used a false document, knowing the same to contain a materially false, fictitious and fraudulent statement, in that, on a document entitled, "Department of Veterans Affairs

Employment Questionnaire," did state and represent and cause to be stated and represented that between January 2013 and December 2013 that his highest gross monthly earnings were $1,000.00, when in truth and in fact, as defendant **DONALD CRANGLE** well knew, his highest gross monthly earnings in 2013 were $24,880.00.

In violation of Title 18, United States Code, Section 1001(a).

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney


_____
TRACY LYNN BERRY - 014753 TN
Assistant United States Attorney