UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4:17-CR-00612-RLW-SPM-1 |
| v. ) | |
| ) | |
| DONALD CRANGLE, ) | |
| ) | |
| Defendant. ) | |

**<u>DEFENDANT'S MOTION TO DISMISS COUNTS ONE, TWO, AND THREE OF THE SUPERSEDING INDICTMENT BECAUSE THEY ARE TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS</u>**

Defendant Donald Crangle ("Crangle"), by and through his undersigned counsel, Justin K. Gelfand and the law firm of Margulis Gelfand, LLC, respectfully moves this Court to dismiss Counts One, Two, and Three of the Superseding Indictment because they are time-barred by the applicable statute of limitations.

**I.    Background**

On December 20, 2017, Crangle was charged in an indictment with eight counts. (Doc. 1). Counts 1 through 3 charged Crangle with theft of government money in violation of Title 18, United States Code, Section 641, and Counts 4 through 8 charged Crangle with making a false statement in violation of Title 18, United States Code, Section 1001. (*Id.*).

On August 29, 2018, the Government sought, and the grand jury returned, a superseding indictment. (Doc. 54). The superseding indictment charges Crangle with violating the same statutes as the original indictment. However, particularly relevant to this motion, the superseding indictment included the following changes as compared to the initial indictment:

1. Paragraph 9 of the initial indictment specifically charged that Crangle's gross earnings

from the concealed carry weapons courses were $2,835 in 2009, $15,260 in 2010, $34,800 in 2011, $130,588 in 2012, and $61,688 in 2013 (Doc. 1); the superseding indictment removed these particular allegations and replaced them with the general allegation that "Crangle's gross earnings from the classes exceeded the amount he reported earning to the Social Security Administration and the Department of Veterans Affairs" (Doc. 54).

2. Paragraph 11 of the initial indictment particularly alleged, "The Social Security Administration paid Crangle more than $37,000 in federal government funds through the DIB Program between 2009 and 2013" (Doc. 1); the superseding indictment removed this particular allegation entirely.

3. Counts 4, 5, 6, 7, and 8 each included the following changes:

    a. The initial indictment included the specific amount of "highest gross monthly earnings" Crangle allegedly earned: $990 for 2009, $4,880 for 2010, $5,120 for 2011, $14,970 for 2012, and $24,880 for 2013 (Doc. 1); the superseding indictment replaced each particular allegation in this respect with the allegation that Crangle's "highest gross earnings per month in [year] exceeded the amount claimed" (Doc. 54).

    b. The initial indictment included the phrase "highest gross earnings per month" (Doc 1); the superseding indictment included the phrase "highest gross monthly earnings" (Doc. 54).

    c. The initial indictment for Count 5 charged that Crangle represented that his "highest gross monthly *income* was $500.00" (Doc. 1) (emphasis added); the superseding indictment replaced that particular allegation with the allegation

2

that Crangle represented that his "highest gross *earnings* per month was $500.00" (Doc. 54) (emphasis added).

In a pleading filed the same day the superseding indictment was returned, the Government states that the superseding indictment "corrects a typographical error in Count 4; (2) removes some language from the introduction; (3) utilizes the precise term used in the questionnaire, 'highest gross monthly earnings,' rather than an adaptation; and (4) narrows the false statement counts by removing extraneous information." (Doc. 51). As reflected *supra* and in the two documents (Docs. 1 and 54), the Government's characterization of the changes in the two documents is misleading—and misleading in a way that directly impacts the law governing the precise issue raised in this motion.

**II.      The Statute of Limitations for Counts One, Two, and Three is Five Years**

Counts One, Two, and Three each charge Crangle with violating Title 18, United States Code, Section 641 (theft of government money). (Doc. 54). "The general catchall federal criminal statute of limitations, 18 U.S.C. § 3282(a), establishes a five-year limitations period for non-capital federal offenses." *United States v. Yielding*, 657 F.3d 688, 703 (8th Cir. 2011) (internal citations omitted); 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed").

District courts within this circuit have consistently determined that violations of Section 641 is *not* a continuing offense. *See, e.g., United States v. Henrikson*, 191 F. Supp. 3d 999, 1004 (D.S.D. 2016) ("Theft of government property as contained in the first paragraph of § 641 does not [] constitute a continuing offense under *Toussie* for statute of limitations purposes") (citing *Toussie v. United States*, 397 U.S. 112, 113 (1970)); *United States v. Reese*, 254 F. Supp. 3d 1045,

3

1049 (D. Neb. 2017) (finding Section 641 is not a continuing offense). Additionally, the Second Circuit recently held, "we agree with the majority of the district courts that have reached this question in holding that violations of section 641 are not continuing offenses." *United States v. Green*, 897 F.3d 443, 449 (2d Cir. 2018). The Eighth Circuit has not yet definitively taken a position on this issue.

Thus, an indictment charging a violation of Section 641 is time-barred where it was instituted more than five years after the offense was allegedly committed.

### III. Counts One, Two, and Three Were Initiated More Than Five Years After the Offenses Were Allegedly Committed

Count One of the superseding indictment alleges Crangle committed theft of government money on or about January 9, 2013. (Doc. 54). Count Two alleges the same crime occurred on or about February 13, 2013. (*Id.*). And Count Three alleges the same crime occurred on or about March 13, 2013. (*Id.*). The superseding indictment was returned on August 29, 2018—unambiguously more than five years after January 9, February 13, and March 13 of 2013. (*Id.*). Thus, unless the superseding indictment "relates back" to the initial indictment (which was filed weeks before the first statute of limitations expired), there is no question Counts One, Two, and Three are time-barred and should be dismissed.

The question then turns on whether the superseding indictment (Doc. 54) "relates back" to the original indictment (Doc 1). "For limitations purposes, a superseding indictment filed while the original indictment is validly pending relates back to the time of filing of the original indictment if it does not substantially broaden or amend the original charges." *Yielding*, 657 F.3d at 703 (internal citations omitted). To make that determination—*i.e.*, "whether a superseding indictment substantially broadens or amends a pending timely indictment"—this Court must consider "whether the additional pleadings allege violations of a different statute, contain different

4

elements, rely on different evidence, *or* expose the defendant to a potentially greater sentence." *Id*. at 704 (internal citations omitted) (emphasis added). "Superseding indictments have been deemed timely when they simply added detail to the original charges, narrowed rather than broadened the charges, contained amendments as to form but not substance, or were otherwise trivial or innocuous." *Id.* (citing United *States v. Ben Zvi,* 168 F.3d 49, 54 (2d Cir. 1999)).

In this case, the changes reflected in the Superseding Indictment are significant under these criteria.

*First*, the superseding indictment contains "different elements." *Yielding*, 657 F.3d at 704. "It is settled law in this circuit, as elsewhere, that the language employed by the government in its indictments becomes an essential and delimiting part of the charge itself, such that if an indictment charges particulars, the jury instructions and evidence introduced at trial must comport with those particulars." *United States v. Farr*, 536 F.3d 1174, 1181 (10th Cir. 2008) (internal citations omitted). In this case, the superseding indictment removed a number of significant particulars from the initial indictment: Crangle's alleged gross earnings for each year (Paragraph 9), the amount of SSA DIB payments Crangle received between 2009 and 2013 (Paragraph 11), the amount of "highest gross monthly earnings" Crangle alleged earned for each of five years (Counts Four, Five, Six, Seven, and Eight), and the allegation that Crangle misrepresented his "highest gross earnings per month" instead of his "highest gross monthly income" (Count Five). (*Compare* Docs. 1 and 54). These allegations all constitute particulars that—at least until the superseding indictment was issued—were required to be proved beyond a reasonable doubt by the Government at trial. *See Farr*, 536 F.3d at 1181. As then-judge, now Justice, Gorsuch explained in *Farr*, an indictment which charges particulars—as opposed to an indictment which charges a defendant "generically"—affects the elements: "the jury instructions and evidence introduced at trial must

5

comport with those particulars." *Id.* (internal citations omitted). In other words, under the initial indictment, the Government was required to prove the particular amounts of gross earnings for each year, the particular amount of SSA DIB payments Crangle received, and the particular amounts of Crangle's "highest gross monthly earnings" for each year. In the superseding indictment, the Government removed these additional elements which results in a fundamentally altered charging document. As such, this is precisely the type of superseding indictment that does not relate back to the initial indictment for statute of limitations purposes when applying the test laid out by this Court in *Yielding*.

*Second*, the superseding indictment "rel[ies] on different evidence." To prove the allegations in the initial indictment, the Government had to prove specific earnings and specific representations; the allegations in the superseding indictment purport to replace those particulars with the general allegation that the amounts earned "exceeded the amount claimed." (Doc. 54). This alteration undoubtedly forces the superseding indictment to rely on different evidence because what the Government has to prove is now less limited. In other words, rather than needing to present factually specific evidence concerning particular amounts of earnings, the Government purportedly need now only offer general evidence in an attempt to convince a jury that the amounts earned "exceeded the amount claimed." For this reason, too, the superseding indictment fails the test laid out in *Yielding* for when it is appropriate for this Court to conclude that an indictment relates back.

*Third*, the superseding indictment substantially broadens and amends the original charges. *See Yielding*, 657 F.3d at 703 (internal citations omitted). For instance, to convict Crangle of Count 5 as charged in the initial indictment, the Government had to prove that Crangle represented that his "highest gross monthly *income* was $500.00" and that his actual "highest gross monthly

6

earnings were $4,880." (*Compare* Docs. 1 and 54). The Superseding Indictment dramatically changes the original charge. The Government is no longer required to prove that Crangle made representations about his "income"; now the Government must prove that Crangle made representations about his "highest gross earnings per month." (Doc. 54). And the Government no longer has to prove that Crangle's *actual* highest gross monthly earnings were $4,880; instead, the Government need only prove that his "highest gross earnings per month in 2010 exceeded the amount claimed." (*Id*.). In other words, rather than being limited to proving that his actual highest gross monthly earnings were $4,880, the Government now need only prove that his highest gross monthly earnings were *any* amount higher than $500. This alone is enough for this Court to conclude that the superseding indictment cannot "relate back." However, the same analysis holds true for all eight counts. With respect to Counts One, Two, and Three, the Government changed the rules of the game; initially, the prosecution had to prove Crangle's specific earnings for 2013 ($61,688) (Doc. 1), but the superseding indictment replaces that particular allegation with the much broader and fundamentally different allegation that his "gross earnings from the classes exceeded the amount he reported earning to the Social Security Administration and the Department of Veterans Affairs." (Doc. 54). Again, the superseding indictment fails to satisfy the requirements for allowing for application of the relation back doctrine.

    *Fourth*, the superseding indictment contains amendments as to substance, not mere form. *See Yielding*, 657 F.3d at 704 (citing *Ben Zvi,* 168 F.3d at 54). An "amendment of form and not of substance occurs when the defendant is not misled in any sense, is not subjected to any added burdens, and is not otherwise prejudiced." *United States v. Cook*, 745 F.2d 1311, 1316 (10th Cir. 1984); *see also United States v. Kegler*, 724 F.2d 190, 194 (D.C. Cir. 1983) (same); *United States v. Sobamowo*, 892 F.2d 90, 97 (D.C. Cir. 1989) (same). In this case, the Government has

7

dramatically altered what it must prove at trial—thereby subjecting the defense to "added burdens" and otherwise prejudicing Crangle. *Id.* Indeed, the Government's mischaracterization about what the superseding indictment *actually* changed could very well have further prejudiced Crangle. (*See* Doc. 51). The Government does not even acknowledge the significant change reflected in Count 5, the Government claimed that it *narrowed* the false statements counts "by removing extraneous information" when, in fact, it *broadened* those counts by removing particulars the Government opted to include in the initial indictment. (*Id.*).

In sum, what the Government did in this case is precisely what the law prohibits where, as here, the superseding indictment is filed *after* the statute of limitations for three of the eight counts has expired. As such, Crangle seeks to dismiss those three counts.

### IV.     Conclusion

Based on the foregoing, Crangle respectfully asks this Court to dismiss Counts One, Two, and Three of the superseding indictment because they are time-barred by the applicable five-year statute of limitations. The superseding indictment does not, as a matter of law, relate back to the initial indictment and, therefore, the counts must be dismissed.

Respectfully submitted,

**Margulis Gelfand, LLC**

/s/ *Justin K. Gelfand*
JUSTIN K. GELFAND
ATTORNEY FOR DEFENDANT
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com

**Certificate of Service**

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the United States of America and Assistant United States Attorney Tracy L. Berry.

/s/ *Justin K. Gelfand*
JUSTIN K. GELFAND
ATTORNEY FOR DEFENDANT
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0230
Facsimile: 314.485.2264
justin@margulisgelfand.com