# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17CR612 RLW |
| ) | |
| DONALD CRANGLE, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation and Order of United States Magistrate Judge Shirley Padmore Mensah (ECF No. 96).

Judge Mensah previously issued a Report and Recommendation and Order ("first R&R") based on the initial indictment in this case. (ECF No. 37) After a *de novo* review of the first R&R and Defendant's objections (ECF No. 39), this Court sustained, adopted, and incorporated Judge Mensah's findings and recommendations. (ECF No. 45) Included therein, the Court denied Defendant's Motion to Dismiss Counts 1-3 of the initial indictment (ECF No. 25) and Supplemental Motion to Dismiss Counts 4-8 of the initial indictment (ECF No. 33).

Subsequently, the Government sought and the grand jury returned two Superseding Indictments. The First Superseding Indictment of August 29, 2018 charged Defendant with violating the same statutes as the original indictment but made changes to the allegations made in the original indictment. (ECF No. 55) The Second Superseding Indictment of September 27, 2018 added a new Count Four alleging Defendant made a

false statement and used a false document in violation of 18 U.S.C. § 1001(a). (ECF No. 64) Additionally, the counts previously numbered as Counts Four through Eight became Counts Five through Nine in the Second Superseding Indictment. (*Id.*)

Defendant filed two Motions to Dismiss Count Four of the Second Superseding Indictment (ECF Nos. 77 & 78). He also filed a Motion to Dismiss Counts Four Through Nine of the Second Superseding Indictment (ECF No. 79); a Motion to Dismiss Counts One, Two, and Three of the Second Superseding Indictment (ECF No. 80); and a Motion to Strike Surplusage (ECF No. 81). The Government filed Responses in opposition to the motions (ECF Nos. 85, 86, 87, 89, & 90). Judge Mensah held an evidentiary hearing on Defendant's motions on November 30, 2018.

Pursuant to 28 U.S.C. § 636(b), this matter was referred to Judge Mensah, who filed a second Report and Recommendation and Order ("second R&R") on January 8, 2019. (ECF No. 96) Judge Mensah recommends that Defendant's motions be denied. Defendant filed objections to the second R&R on January 9, 2019 (ECF No. 98)[1], and the Government filed its response on January 26, 2019 (ECF No. 99). Defendant objects to Judge Mensah's recommendation to deny his first Motion to Dismiss Count Four of the Second Superseding Indictment (ECF No. 77), arguing the undefined phrase "highest

---

[1] The Court notes that Defendant's memorandum is 27 pages long, in excess of the 15-page limitation set forth in this district's Local Rule 4.01(D). The Court previously admonished Defendant in its Memorandum and Order of August 22, 2018 that any future pleadings in excess of the page limitation must be accompanied by a motion for leave of Court. (ECF No. 45) The Court does not want to penalize Defendant for his counsel's failure to comply with the clear and unambiguous page limit as set forth in one of this district's most basic local rules and previous admonishment by this Court. In the interest of judicial economy, the Court considered the arguments presented in the entire 27-page filing. **Future failures to comply with clear orders from this Court may result in the striking of an entire pleading or the striking of pages in excess of the 15-page limit.**

2

gross monthly earnings" is fundamentally ambiguous. He also asserts the second R&R incorrectly concluded his second Motion to Dismiss Count Four of the Second Superseding Indictment (ECF No. 78) is "virtually indistinguishable" from the fundamental ambiguity issue raised in his other motion related to Count Four. Defendant also objects to Judge Mensah's recommendation to deny his Motion to Dismiss Counts Four Through Nine of the Second Superseding Indictment (ECF No. 79) because, he argues, the claims are duplicitous and will "significantly prejudice[]" Defendant because each count contains two or more distinct and separate offenses. Further, he contends the second R&R incorrectly concludes the charges in Counts One, Two, and Three "relate back" to the initial indictment because, according to Defendant, the second Superseding Indictment does not "substantially broaden or amend" the charges in the initial indictment. Finally, Defendant argues the second R&R erroneously recommends denial of his Motion to Strike Surplusage (ECF No. 81) because the challenged statements are "entirely irrelevant" to the related charge and unfairly prejudice Defendant. The Court finds that Defendant's objections are not persuasive.

Judge Mensah recommends that the motions to dismiss related to the second Superseding Indictment be denied. After *de novo* review of this matter, the Court adopts the Judge Mensah's recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation and Order of United States Magistrate Judge as to Defendant Donald Crangle (ECF No. 96) is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

3

**IT IS FURTHER ORDERED** that Defendant's Motions to Dismiss Count Four of the Second Superseding Indictment (ECF Nos. 77 & 78) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Counts Four Through Nine of the Second Superseding Indictment (ECF No. 79) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Counts One, Two, and Three of the Second Superseding Indictment (ECF No. 80) is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant's Motion to Strike Surplusage from Count Four of the Second Superseding Indictment (ECF No. 81) is **DENIED**.

Dated this 7th day of February, 2019.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**