UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:17CR00612 RLW |
| | ) | |
| DONALD CRANGLE, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF INTENT TO USE INEXTRICABLY INTERTWINED EVIDENCE AND/OR RULE 404(b) EVIDENCE**

COMES NOW, the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Tracy Lynn Berry and Kyle T. Bateman, Assistant United States Attorneys for said District, and files this notice in accordance with Rule 404(b) of the Federal Rules of Criminal Procedure to provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial.  This case is set for trial on September 3, 2019.

The Government asserts that the evidence listed in this notice is, in fact, intrinsic to the charged offenses and therefore not subject to Rule 404(b).  However, out of an abundance of caution, the Government notifies the defendant of its intended use of the listed evidence.

**INTRODUCTION**

In the instant case, the defendant is charged in Counts One, Two and Three with Theft of Government Funds, in violation of Title 18, United States Code, Section 641; Count Four with Making a Material False Statement (to the Social Security Administration), in violation of Title

1

18, United States Code, Section 1001; and Counts Five, Six, Seven, Eight, and Nine with Making a Material False Statement (to the Department of Veteran's Affairs), in violation of Title 18, United States Code, Section 1001.

The Government intends to introduce testimony and evidence related to the defendant's concealed carry weapons classes between 2008 and 2013, and his proceeds from such classes. This testimony and evidence is intertwined with the charged counts because teaching and receiving money from such classes implicate the elements of the offenses related to the defendant's knowledge and intent.

## FACTUAL BACKGROUND

The Government intends to offer testimony and other evidence related to Issues #1 through 3, as described further below.

Issue #1 - In September 2010, the defendant was cited for violating a St. Louis County Planning and Zoning Home Occupation Ordinance that prohibits individuals from operating a business from a residence without a permit.   This citation was related to the defendant's use of his residence to teach a class on carrying concealed weapons for students seeking to obtain permits from the State of Utah.

Issue #2 – In March 2013, the defendant pled guilty to four counts of misdemeanor violations of RSMO 570.110 (Issuing a False Instrument or Certificate) and three counts of misdemeanor violations of RSMo 570.111 (Training Instructor Provided False Info Regarding The Performance Of Applicant In Concealed Weapon Training Program).   He was sentenced in September 2013.   These convictions are related to the defendant's false certifications on permit applications for his students that his classes were taught in accordance with Missouri law.   The

convictions were the result of an investigation by the St. Louis County Police Department that included an undercover operation wherein officers participated in one of defendant's classes and recorded it.

Issue #3 – In November 2015, the defendant pled guilty to and was sentenced on four counts of felony violations of RSMo 143.941 (Filing a False Missouri Income Tax Return). These convictions are related to the defendant's false statements on his 2011 and 2012 Missouri income and property tax returns wherein he underreported his income from his concealed carry weapons classes.

### **RULE 404(b)**

Rule 404(b) states, in part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

Such evidence is admissible if "(1) the evidence is relevant to an issue other than [defendant's] character, (2) it is similar in kind and not overly remote to the crime charged, (3) it is supported by sufficient evidence, and (4) the potential unfair prejudice of the evidence does not substantially outweigh it probative value." United States v. Anwar, 428 F.3d 1102, 1110-1111 (8th Cir. 2005) (citation omitted).

Evidence of uncharged criminal conduct is not considered "other crimes" evidence under Rule 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricable intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial. United States v. Angle, 234 F.3d 326, 343 (7th Cir. 2000); see also United States v. Hall, 604 F.3d 539, 543 (8th Cir. 2010) ("'We have

3

consistently held crimes or acts which are inextricably intertwined with the charged crime are not extrinsic and Rule 404(b) does not apply.' Evidence of other crimes or acts is inextricably intertwined if it is an "integral part of the immediate context of the crime charged." (citations omitted)).

Issues #1 through 3 identified above are inextricable intertwined because they relate to the defendant's theft of government funds and material false statements to the Social Security Administration and Department of Veteran's Affairs (as charged in Counts One through Nine). In United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006), the court stated:

> We have held that Rule 404(b), which governs the admission into evidence of wrongful conduct other than the conduct at issue, applies "only to 'extrinsic' and not to 'intrinsic' evidence." United States v. Swinton, 75 F.3d 374, 377 (8th Cir.1996). Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred. United States v. Forcelle, 86 F.3d 838, 842 (8th Cir.1996). Such evidence is admitted because "the other crime evidence 'completes the story' or provides a 'total picture' of the charged crime."

*Id*. Here the additional evidence completes the story and provides a total picture of the charged crimes.

If the Court concludes that the evidence is not inextricable intertwined, the evidence would still be admissible under Rule 404(b).

Rule 404(b) evidence can be used to prove motive, intent, preparation, plan, knowledge, and absence of mistake or accident. United States v. Pierson, 544 F.3d 933, 940 (8th Cir. 2008). Rule 404(b) is a rule of inclusion. Id. The Court conducts a Rule 403 balancing test to determine whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice. Id.

4

Here, Issues #1 through 3 prove the defendant's intent, preparation, plan, knowledge, and absence of mistake or accident in his theft of government funds and his making material false statements to the Government.  The evidence shows that the defendant knew that he was working and receiving proceeds from such work during the same time period that he was receiving disability and unemployment benefits from the Social Security Administration and the Department of Veteran's Affairs.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court admit the evidence outlined above because the evidence is intrinsic to the charged offenses, or, in the alternative, pursuant to Rule 404(b).

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*s/ Kyle T. Bateman*
KYLE T. BATEMAN, 996646DC
TRACY LYNN BERRY 014753TN
Assistant United States Attorneys
111 S. 10th Street, Room 20.333
St. Louis, Missouri   63102
(314) 539-2200

5

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Justin Gelfand, Esq.

              *s/ Kyle T. Bateman*
              KYLE T. BATEMAN, 996646DC
              Assistant United States Attorney