# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4:17-CR-00612-RLW-SPM-1 |
| v. ) | |
| ) | |
| DONALD CRANGLE, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION TO CONTINUE TRIAL

Defendant Donald Crangle ("Crangle"), by and through undersigned counsel, respectfully requests that this Court continue the trial in this case from the current setting of September 3, 2019. (Doc. 105). Crangle did not anticipate filing this motion until this morning when the Government disclosed new evidence which includes statements allegedly made by Crangle to law enforcement and which makes reference to additional evidence that has still not been provided. Making matters worse, the Government notified Crangle this morning that it intends to introduce this evidence at trial "as part of the charged course of conduct rather than as 404(b)" and that it "will provide the 404(b) notice out of an abundance of caution within the next few days." A preliminary review of this disclosure reveals the likelihood that further investigation will reveal exculpatory evidence.

Given this late disclosure of this new evidence, Crangle has no choice but to seek a continuance to enable the defense to fully investigate this new evidence, to raise possible suppression issues based on Crangle's alleged statements to law enforcement, to locate and speak to witnesses referenced in the police report provided today, and to locate the additional evidence referenced in the document provided today. (In response to Crangle's request for this additional evidence, Government counsel responded, "I don't know where it is.")

I.      Relevant Background

On December 20, 2017, Crangle was charged in an indictment with eight counts. (Doc. 1). On January 9, 2018, Crangle requested discovery in writing and expressly requested any alleged statement by Crangle to law enforcement that the Government had in its custody, possession, or control, *or* that the Government through reasonable diligence could locate. That day, Government counsel acknowledged receipt of this discovery request.

On August 3, 2018, this Court set this matter for trial on October 1, 2018. (Doc. 38). On August 28, 2018, Crangle filed a motion to continue trial. (Doc. 50). On August 29, 2018, the Government filed a response in opposition to Crangle's motion to continue trial. (Doc. 51). Also on August 29, 2018, the Government sought, and the grand jury returned, a superseding indictment. (Doc. 54). On September 10, 2018, this Court granted Crangle's motion to continue trial and set this matter for trial on January 7, 2019. (Doc. 60). On September 27, 2018, the Government sought, and the grand jury returned, a second superseding indictment. (Doc. 63). On November 1, 2018, Crangle filed several pretrial motions. (*See* Docs. 77-81). On November 6, 2018 (Doc. 85) and November 8, 2018 (Docs. 86-90), the Government filed its responses in opposition to Crangle's motions to dismiss. On December 7, 2018, Crangle filed a motion to continue the trial. (Doc. 93). On December 10, 2018, the Government filed is response to Crangle's motion to continue. (Doc. 94). On December 11, 2018, this Court vacated the jury trial set for January 7, 2019. (Doc. 95). On January 9, 2019, this Court entered an Order setting this matter for trial on March 4, 2019. (Doc. 97). On February 5, 2019, Crangle filed an unopposed motion to continue the trial. (Doc. 100). On February 7, 2019, this Court granted Crangle's motion. (Doc. 103). On February 28, 2019, this Court set the jury trial to commence on September 3, 3019. (Doc. 105).

Today, August 22, 2019, Government counsel emailed to undersigned counsel a 2010 St. Louis County Police Report. In the email, Government counsel represented that the report was recently located and that the report attributes certain statements to Crangle. The Government also explained that it intends to introduce evidence from the report and any associated judgment as "part of the charged course of conduct."

The police report alleges that, on July 27, 2010, St. Louis County Police officers responded to a "shots fired call" at Crangle's residence. The report alleges that the person who made the call alleged Crangle was "running a shooting range without a permit." The drafting officer claimed to have seized from the caller a "document as evidence." The report claims that Crangle made statements to law enforcement that he had not fired any weapons but that he was "having a class on carrying concealed law for the State of Utah." The drafting officer noted that there were "no signs of weapons of any caliber that had been recently fired."

The report also notes that three other individuals were present at Crangle's residence at the time and that they all stated they were there for a concealed carry class. Each of these three individuals allegedly stated they paid Crangle for the class. The Government redacted the identities of these potential witnesses and rejected the defense's request today to provide an unredacted copy of this new evidence. The drafting officer then, apparently, issued Crangle a citation for "running a business from his residence without a permit."

Undersigned counsel requested additional information from counsel for the United States, raising several concerns. First, undersigned counsel explained that Crangle is entitled to complete discovery on this matter as the report references other evidence in the investigation. Second, undersigned counsel noted that suppression of the statements in the report may be appropriate and may require a suppression hearing before this Court. Third, undersigned counsel explained that the

3

disclosure of this evidence at such a late stage is concerning. Finally, undersigned counsel requested the Government's consent to a continuance of the trial so as to allow for reasonable investigation.

In response to the request for complete discovery including the additional evidence mentioned in the 2010 police report, Government counsel explained, "I don't know where it is." With respect to undersigned counsel's statement that suppression might be warranted, Government counsel offered no response but, in opposing this motion to continue, apparently takes the position that Crangle should not even have the opportunity to evaluate and file a suppression motion. With respect to undersigned counsel's expressed concern about the late timing of this disclosure—which is approximately 18 months after Crangle's request for this discovery and more than 1 year since the Government represented to the Crangle and the Court that discovery had been complete— Government counsel explained that the report was apparently located on August 20, 2019 as a result of *follow-up interviews* with St. Louis County detectives. With respect to undersigned counsel's request that the Government consent to a continuance to allow for reasonable investigation of this issue, to determine whether it provides exculpatory or inculpatory information, and to provide time for Crangle to raise any suppression issues for thoughtful consideration by this Court, the Government expressed its intention to object to any request for a continuance.

## II. Reasons for Continuance

Crangle seeks a brief continuance of the trial setting because he has a constitutional right to a fair trial and to effective assistance of counsel. Undersigned counsel has been working extremely hard to prepare for trial beginning September 3, 2019—preparing exhibits, interviewing witnesses, drafting and responding to motions in limine, and preparing the presentation of the

defense case. Undersigned counsel had absolutely no intention of seeking a continuance of this trial but is obliged to do so to protect Crangle's constitutional rights. Today, 12 days before trial and only 6 business before trial, the Government disclosed law enforcement evidence that unambiguously falls within the scope of Federal Rule of Criminal Procedure 16 and that very likely implicates *Brady* based on the defense theory of the case. Moreover, the Government cannot represent that it does not contain *Brady* because the Government apparently has no idea where the evidence referenced within the police report is—meaning Government counsel has, by definition, not reviewed it for *Brady*. The exceptionally late disclosure of this evidence is troubling, especially when, at least per the Government, it constitutes "part of the charged course of conduct."

Crangle requested discovery, pursuant to Federal Rule of Criminal Procedure 16, on January 9, 2018. The Government provided discovery to Crangle and represented to this Court during pretrial conferences that all discovery had been provided to Crangle. It was not until today that Crangle learned that all discovery had not been provided—and it is of no moment that this discovery was apparently in the hands of the St. Louis County Police Department as opposed to the U.S. Attorney's Office. There is no excuse for the late disclosure of this evidence. This is not evidence coming from some third-party, non-governmental source. The Government has an affirmative obligation to learn of, and disclose, this type of evidence in advance of trial. *See United States v. Robinson*, 809 F.3d 991, 996 (8th Cir. 2016) ("Because '[a] prosecutor has a duty to disclose evidence known by police officers, even if not known by the prosecutor,' a prosecutor has an attendant duty to learn of such evidence") (quoting *United States v. Tyndall*, 521 F.3d 877, 882 (8th Cir. 2008)).

Furthermore, the report attributes certain statements to Crangle. Thus, there are potential—indeed, likely—suppression issues that Crangle has an obligation to investigate and to raise with

5

this Court in advance of trial. To be clear, a defendant does not lose the right to raise a suppression issue because the Government failed to disclose the relevant evidence to the defense until after the pretrial motions deadline. Crangle has a constitutional right to effective assistance of trial and, in order to be effective, undersigned counsel requires additional time to investigate the circumstances described in this report and to determine whether suppression is a remedy to which Crangle is entitled.

Even more, the report references additional evidence and, today, undersigned counsel attempted to acquire this evidence quickly so as to avoid even further unnecessary delay. But the Government stonewalled the defense's request. As to the identities of the witnesses referenced in the report, the Government refuses to provide an unredacted report so that the defense can fully evaluate the report and the allegations contained therein. And as to the physical evidence apparently seized, the Government represented that it simply has no idea where it is. Until reviewed, nobody can determine whether the additional evidence is inculpatory, exculpatory, or entirely irrelevant. But one fact remains regardless of which category it falls into: Crangle is constitutionally entitled to review it.

Requesting this continuance this close to trial is not a decision that Crangle or undersigned counsel take lightly. Crangle and undersigned counsel have been diligently preparing for this trial, which is set to begin in less than two weeks. Crangle has subpoenaed numerous witnesses and has made arrangements for his expert witness to be available for trial as currently scheduled. But for this extremely late disclosure of what the Government apparently considers inculpatory evidence but what Crangle anticipates will lead to exculpatory evidence, Crangle was fully prepared and intended to proceed with trial as scheduled.

Undersigned counsel has an obligation to fully investigate this new evidence, to locate the missing evidence, to pursue any investigative leads uncovered as a result, and to prepare and file any necessary motions triggered by this previously undisclosed evidence and any further evidence revealed as a consequence.

Continuing the trial for these reasons is in the interest of justice and the ends of justice served by granting this motion outweigh the best interest of the public and the defendant in a speedy trial; as such, the time should be excluded under the Speedy Trial Act, 18 U.S.C. § 3161. Undersigned counsel is in the process of obtaining a Speedy Trial Waiver and will file it with this Court as soon as is possible.

### III.    Conclusion

Based on the foregoing, Crangle respectfully requests that this Court grant this motion, and continue the trial in this matter—which is currently scheduled to begin September 3, 2019—by approximately 1 month to a date that is convenient for the Court, the parties, and the witnesses.

Respectfully submitted,

**Margulis Gelfand, LLC**

/s/ *Justin K. Gelfand*
JUSTIN K. GELFAND
ATTORNEY FOR DEFENDANT
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com

**Certificate of Service**

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by email upon the United States of America and Assistant United States Attorney Tracy L. Berry.

/s/ *Justin K. Gelfand*
JUSTIN K. GELFAND
ATTORNEY FOR DEFENDANT
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0230
Facsimile: 314.485.2264
justin@margulisgelfand.com