UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17CR00612 RLW |
| DONALD CRANGLE, | ) ) ) ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION IN LIMINE SEEKING TO PRECLUDE THE ADMISSION OF MEDICAL RECORDS AND PHOTOGRAPHS OF DEFENDANT'S PROPERTY**

Comes now the United States of America, by Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Tracy Lynn Berry, Assistant United States Attorney for said District, and herein requests that this Honorable Court exclude the presentation of defendant's medical evidence and photographs of his property pursuant to Rules 401 and 403 of the Federal Rules of Evidence.

Pursuant to discussions with counsel for the defendant, it is the government's understanding that defendant intends to introduce into evidence at the trial medical records detailing his medical appointments, physical therapy appointments, and surgeries. The records that were provided in reciprocal discovery span more than two decades.

Approximately a week ago, defendant also provided copies of photographs of his client's property that had been taken earlier in August 2019. Although the indictment and the government's evidence addresses activities that occurred at defendant's home, those activities concluded shortly after March 22, 2013 when St. Louis County detectives conducted an undercover investigation into whether defendant was providing fraudulent concealed carry

weapons certifications. Photographs were taken of defendant's residence and property as the officers executed a search warrant on that day. The government submits that photographs taken on or near March 22, 2013 are relevant to the work activities at issue in the above-styled case rather than images captured almost six and a half years later.

The government submits that neither the medical records nor the photographs should be admitted because they are not relevant to any of the trial issues, and would mislead and confuse the jury.

"Evidence is relevant if 'it has any tendency to make a fact more or less probable than it would be without the evidence' and 'the fact is of consequence in determining the action.'" United States v. Omar, 786 F.3d 1104, 1112 (8th Cir. 2015)(quoting Fed.R.Evid. 401). Because there is no dispute that defendant was seriously injured in a car accident in 1985, and his injuries were exacerbated by a physical confrontation with another individual and a work place injury, specific medical treatment records would have no consequence in determining whether defendant concealed his ability to engage in work type activities from the Social Security Administration and Department of Veteran's Affairs. Nor does the appearance of defendant's residence in August 2019 have any tendency to make a fact more or less probable with regard to activities occurring on the property in March 2013. Because the medical records and August 2019 photographs fail to meet the test for relevant evidence, the government requests that this Honorable Court rule pretrial that the evidence is inadmissible. See, Fed.R.Evid. 401.

Even if the evidence is relevant to the proceedings, it should be excluded because any possible probative value will be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." United States v. Kime, 99 F.3d 870, 877–78 (8th

Cir. 1996); See, Fed.R.Evid. 403.  If the case at bar were a civil medical malpractice case or an administration determination of eligibility for program benefits, the medical records could be extremely helpful to the trier of fact.  Or, if the allegation occurred at or near the defendant's residence in 2019, the photographs defendant seeks to introduce would not be misleading or confusing.  Thus, the medical records and 2019 photographs should not be admitted into evidence because the minimal probative value they potentially offer is substantially outweighed by a danger of confusing the issues and needlessly presenting cumulative evidence.  United States v. Lemons, 792 F.3d 941, 950 (8th Cir. 2015).

Accordingly, the United States respectfully requests that this Honorable Court enter a pretrial ruling deeming the medical records and 2019 photographs inadmissible pursuant to Rules 401 and 403 of the Federal Rules of Evidence.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

s/ *Tracy Lynn Berry*
TRACY LYNN BERRY #014753 TN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

CERTIFICATE OF SERVICE

Copy of the foregoing was sent through the court's electronic filing system this 23rd day of August, 2019, to: Justin Gelfand, Esq.

s/ Tracy Lynn Berry
ASSISTANT UNITED STATES ATTORNEY